**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jaime DUQUE, Defendant–Appellant.**

**No. 88–3999.**

United States Court of Appeals,
Sixth Circuit.

Argued June 13, 1989.

Decided Aug. 24, 1989.

Charles W. Isaly (argued), Cincinnati, Ohio, for defendant-appellant.

John M. DiPuccio (argued), Office of the U.S. Attorney, Cincinnati, Ohio, for plaintiff-appellee.

Before KEITH and WELLFORD, Circuit Judges; and GILMORE, District Judge.*

GILMORE, District Judge.

This is a very straight-forward case involving the application of sentencing guidelines, where the sentence is within the guideline range. We affirm because the sentencing judge was not required, under the circumstances, to state with particularity his reasons for setting a sentence that falls within the guidelines where the guideline range was less than 24 months.

Appellant Jaime Duque was convicted, by a plea of guilty, of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841. In the plea agreement negotiated between Appellant and the Assistant United States Attorney, it was stipulated that Duque's role in the conspiracy was "minor."[1]

The plea agreement further noted that Defendant understood that the matter of sentencing was reserved solely for the district court, and the court could impose a

---

* The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The agreement stated specifically: "This conspiracy and sale involved 1 kilogram of cocaine, and Jaime Duque's role was minor (sentencing guideline, 3B1.2(b)). Jaime Duque has evidenced remorse (sentencing guideline, 3E1.1(a)) in that he is willing to enter a guilty plea, and is willing to testify against other parties involved."

possible maximum sentence of 20 years and/or a Two Hundred Fifty Thousand ($250,000) Dollars fine, and could make the sentence run consecutive to a sentence he was presently serving.

The Probation Officer, in the presentence report, stated that Defendant played the role of an organizer in the offense, pursuant to § 3B1.1(c) of the Sentencing Guidelines, and, therefore, the offense level should be increased by 2 points, which, for the purpose of sentencing, would give Defendant a range of 92 to 115 months under the Sentencing Guidelines.

Defendant filed written objections to the presentence report in that it characterized Defendant's role as an organizer rather than a minor participant. On October 21, 1988, the court sentenced Defendant to 78 months under guideline level 22, which gave a range of 63 to 78 months, to be served consecutive to the state sentence he was then serving, plus 5 years supervised release. At the time of the sentencing, and upon questioning of defense counsel, the court stated that the finding of the probation officer was not being taken into consideration for the purpose of sentencing, and that, because of that, the lower guideline of 63 to 78 months was being used.[2]

Appellant contends that the sentencing judge erred, under 18 U.S.C. § 3553, in not stating the reasons for giving a maximum allowable sentence under the pertinent guideline, which set a range of 63 to 78 months for the offense to which Appellant had pled guilty. He asked that the case be remanded for further sentencing proceedings, with such instructions as the Court deems appropriate.

The Government asserts that the trial judge need only give reasons for the sentence when he departs from the applicable guideline range, or when the range within the guideline is more than 24 months. It argues that, because Duque was sentenced within the guideline range, he was properly sentenced, and the appeal should be denied.

We shall affirm, holding that, if the judge sentences within the appropriate guideline, and the range of the guideline does not exceed 24 months, the trial judge is not required to state reasons for selecting a sentence within the guideline range.

18 U.S.C. § 3553 provides, in relevant part:

(b) Application of guidelines in imposing a sentence. The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described....

. . . .

(c) Statement of reasons for imposing a sentence. The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—

(1) is of the kind, and within the range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; . . . .

Under 18 U.S.C. § 3742, findings of fact that underlie the district court's sentence are reviewed under a clearly erroneous standard. It provides, in relevant part:

(e) Consideration. Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the range of the applicable sentencing guideline, and is unreasonable, . . .

---

**2.** The Court stated: "Good enough. The Court has been advised by Defendant Jaime Duque of alleged factual inaccuracies in the presentence investigation report. And, in accordance with Rule 32(c)(2)(D), the Court has examined the pre-sentence investigation report and the alleged factual inaccuracies and determines that no finding as to the controversial matter is necessary, since the matter controverted has not been taken into account in sentencing. All right."

 

(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable. The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and *shall accept the findings of fact of the district court unless they are clearly erroneous.* (emphasis added).

It is therefore clear that a clearly erroneous standard applies in reviewing the factual findings underlying the trial court's sentencing determination. Here, there was one factual dispute, namely, whether Duque was an organizer of the enterprise or merely a minor participant. The Probation Department characterized him as an organizer, but the judge rejected that. Had the trial judge accepted the finding that he was an organizer, the sentencing range of Duque would have been 92 to 115 months, rather than the 63 to 78 months range determined by the trial judge.

The trial judge properly applied the guidelines, and was required to make no further statement of the reasons for sentencing within the guideline than he did. He resolved the factual dispute by finding the Appellant was not an organizer, and gave him the benefit of a lower guideline.

A case on point is *United States v. Mejia–Orosco*, 867 F.2d 216 (5th Cir.1989). There, the trial court resolved a factual dispute by determining that the defendant was an organizer of the criminal enterprise, and increased the guideline range. The court held that it would affirm sentences imposed by district judge who make findings that are not clearly erroneous, and apply the guidelines to those findings. The Court stated: "In such cases, the sentencing judge need not offer further reasons justifying the sentence." *Id.* at 221.

Here, the trial court made a factual determination that the Appellant was not an organizer, and such finding necessarily implies that he found Duque's role to be minor. No further reasons need be given for justifying the sentence. The sentencing judge is not required under the circum-stances here to state with particularity reasons for setting a sentence that falls within the guidelines. He resolved the factual dispute in favor of the defendant, and then imposed a sentence within a guideline where the range was less than 24 months. He need do no more.

Judgment AFFIRMED.