893 F.2d 1335
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vangie JONES, Defendant-Appellant.
 No. 89-1374.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1990.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Vangie Jones, pled guilty to a charge of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. The guilty plea was pursuant to a Fed.R.Crim.P. 11 plea agreement which provided, inter alia, that the government would recommend to the court a sentence reduction if the defendant provided substantial assistance to the government. The applicable guideline range based upon the offense level (26) and defendant's criminal history category (1) was 63 to 78 months.
 
 
 2
 At the time of sentencing the government recommended to the district judge that there be a reduction to 48 months. Without commenting on this recommendation, the court imposed a sentence of 63 months. Defendant now contends that it was error requiring reversal for the court to fail to state any reasons for imposing the sentence of 63 months.
 
 
 3
 Upon a review of the applicable law and precedent from this circuit, we conclude no error was committed and affirm.
 
 I.
 
 4
 At the time defendant filed this appeal, we had not yet decided United States v. Duque, 883 F.2d 43 (6th Cir.1989). The holding in Duque completely resolves the issue raised on appeal. In Duque we stated:
 
 
 5
 We affirm because the sentencing judge was not required, under the circumstances, to state with particularity his reasons for setting a sentence that falls within the guidelines where the guideline range was less than 24 months.
 
 
 6
 883 F.2d at 43.
 
 
 7
 There is no dispute that the judge here did sentence "within the appropriate guideline." In fact, he gave the lowest possible sentence within the guideline range.
 
 II.
 
 8
 The defendant also argues that when the government makes a recommendation for a lower sentence based upon the cooperation of the defendant, the district judge must state his reasons on the record if he does not follow the government's recommendation. We disagree. The guidelines provision authorizing a departure based on a defendant's cooperation, section 5K1.1, is discretionary: "Upon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." (Emphasis added). Defendant does not point to any provision in the guidelines or other authority which requires a sentencing judge to explain the refusal to grant a motion for a departure from the guidelines range. Although the notes to section 5K1.1 specify that reasons must be stated for a downward departure based upon a defendant's cooperation, there is no converse requirement that a court explain its decision to refuse a departure and impose a sentence within the guidelines.
 
 
 9
 We also note that the statute governing sentencing appeals, 18 U.S.C. Sec. 3742, does not authorize an appeal from the refusal to depart from the guidelines. See United States v. Franz, 886 F.2d 973 (7th Cir.1989); United States v. Fossett, 881 F.2d 976, 979 (11th Cir.1989).
 
 
 10
 Although we find no errors requiring reversal, we would make two observations in passing. First, when the government has made a recommendation based upon a Rule 11 plea agreement obligation to do so, it would be helpful, even if not required, for a district judge to indicate why he is not following the recommendation.
 
 
 11
 Second, we note that a defendant and his counsel are not precluded from inquiring of a district judge why the government's recommendation was ignored. In this same vein, if a judge fails to state reasons when required to do so, both the government and the defendant should be encouraged to call the court's attention to the omission. The time to correct or clarify this kind of omission is when everyone is in court with the judge at the time of sentencing. Defendants who lie in the weeds and say nothing gain little. At worst they run the risk of an appellate court holding they waived their rights by their silence, and at best they will end up with a remand for resentencing, not a reversal.
 
 
 12
 AFFIRMED.