917 F.2d 25
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Cal JACKSON, and Denzel "Denny" Dewey Griffin,
Defendants-Appellants.
 Nos. 90-5251, 90-5252.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1990.
 
 Before BOYCE F. MARTIN, JR., RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jimmy Cal Jackson and Denzel "Denny" Dewey Griffin were convicted of conspiracy to distribute cocaine and possession with the intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846 and 21 U.S.C. Sec. 841(a)(1). On appeal, they argue that the district court erred in ruling that the evidence presented was sufficient to support a conviction and in applying the sentencing guidelines. For the following reasons, we affirm.
 
 
 2
 Kenneth Robertson was arrested on May 1, 1989 in Room 212 of the Cultra Motor Inn in Union City, Tennessee. A search of the room uncovered large amounts of cocaine. Robertson agreed to cooperate with fedral officials by identifying those with whom he was involved. Jackson and Griffin were subsequently arrested following statements made to the police by Robertson and Dennis Moore that Jackson was Robertson's partner, supplying the money to buy cocaine, and that Griffin had assisted by arranging a cocaine source in Florida from whom Robertson, Griffin, and Jackson obtained seven kilos of cocaine. Robertson, who pleaded guilty to the drug offenses for which he was indicted and was awaiting sentencing, testified as to these facts against Jackson and Griffin at trial, resulting in their convictions.
 
 
 3
 The defendants challenge the district court's finding of sufficient evidence to sustain a conviction. However, the attorneys for both Jackson and Griffin state they are unable to present a non-frivolous argument to the Court on this matter. This Court agrees with that assessment. A judgment of the district court will be reversed because of insufficiency of the evidence only if, after reviewing all the evidence in the light most favorable to the government, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989). The district court found the testimony of Robertson to be credible in revealing an explicit agreement among the defendants to traffic in cocaine. This Court is not prepared to overturn the findings of the trier of fact as to the credibility of a witness. United States v. Meyers, 646 F.2d 1142, 1146 (6th Cir.1981). Therefore, the defendants have not met the burden of establishing error.
 
 
 4
 Jackson and Griffin, also each allege that the district court incorrectly applied the Sentencing Guidelines. Jackson argues that the district court erred in finding seven kilograms of cocaine were involved in the conspiracy, and in assessing Jackson a three point increase on the base level of his offense for his management of the scheme. Jackson's claims go directly to the credibility of the witnesses presented at trial. This is exclusively the province of the district court in the absence of clear error, of which we find none. United States v. Duque, 883 F.2d 43, 44 (6th Cir.1989).
 
 
 5
 Griffin argues that the district court erred in setting his offense level at thirty-two, suitable for offenses involving at least five kilograms but not more than fifteen kilograms of cocaine under Sec. 2D1.1(c) of the Drug Quantity Table. Griffin contends that the evidence establishing that seven kilograms of cocaine were involved in the conspiracy is not entitled to credibility because it was presented by the government's witness, Kenneth Robertson. Rather, Griffin asserts that only a level twenty-six offense, 500 grams to two kilograms of cocaine, has been established. Again, the weighing of such evidence is within the sound discretion of the trial court. We find no clear error. Griffin also contends that he should have received a decrease in his base level offense, and a decrease of two points for accepting responsibility for his actions. These arguments are without merit as the district court's findings were appropriate on the evidence presented.
 
 
 6
 Accordingly, the judgment of the district court is affirmed.