940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Renaldo S. VANTREES, Defendant-Appellant.
 No. 90-1823.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Renaldo Vantrees, entered a plea of guilty to the charged offense of being an accessory after the fact under 18 U.S.C. Sec. 3. He tendered the guilty plea under a Rule 11 plea agreement that provided a maximum limitation upon incarceration of 51 months. The written plea also provided (1) that the district court might "reject the position of the parties;" (2) a two level reduction under the sentencing guidelines for acceptance of responsibility; (3) no agreement as to a fine; and (4) dismissal of two counts of the original indictment for a cocaine conspiracy and aiding and abetting a substantive cocaine distribution offense involving a significant quantity of cocaine. Under the guidelines, as found by the district court, the range for the offense of being an accessory after the fact in this case was 51-63 months. (This was the range proposed by the probation officer's presentence report.)
 
 
 2
 Prior to the district court's decision on sentencing, defendant filed a sentencing memorandum in which he argued that his limited education and diminished "mental acuity" mitigated his culpability in the offense. He also argued that under the sentencing guidelines, he was entitled to a downward departure on this account. (The government agreed not to object to a request for a downward departure.) Finally, defendant contended that he was entitled to a four point reduction of the offense level under the guidelines because of his minimal role in the underlying criminal conduct and cocaine activity. Such an additional reduction would have resulted in a guideline range of "no greater than 41 to 51 months."
 
 
 3
 At the sentencing hearing, the district court heard argument on whether defendant's minimal role in the offense entitled him to a further reduction in his offense level. Defendant contended that he just happened to be at the wrong place at the wrong time. He asserted that he had a highly nervous personality and little education that caused him to exercise bad judgment in helping a relative involved in cocaine trafficking to hide eleven kilograms of cocaine (or what they thought was cocaine in a controlled delivery) in the basement as law enforcement agents were raiding the house. Defendant conceded that even if the court gave him a reduced role in the offense, his sentence of no more that 51 months would still be within the recalculated guideline range and within the plea agreement range. The government argued that it would be inappropriate to give defendant the benefit of a four level reduction in his offense level for being a minimal participant because such a reduction is normally not available for a charge of accessory after the fact. The government further pointed out that the charge, to which defendant had admitted his guilt, was tailored to defendant's conduct, and that the charge for the underlying offense (intent to distribute cocaine) was dismissed as to him.
 
 
 4
 The district court further found that a reduction in the offense level for defendant's minimal role was not appropriate.[1] In addition, the district court noted that the guideline range resulting from a reduced offense would still be within the range that the court intended to sentence defendant.
 
 
 5
 Following the imposition of the 51 month sentence, defendant then filed a motion to modify his sentence, arguing again that his low culpability warranted a departure from the guidelines. The court denied the motion, stating that at the time of sentencing it had considered defendant's level of involvement in the offense, as well as his mental and emotional condition. Defendant then appealed his sentence to this court.
 
 
 6
 1. The Eighth Amendment prohibition against cruel and unusual punishment
 
 
 7
 Defendant argues that his sentence constitutes cruel and unusual punishment given the level of his involvement in merely assisting his cousin, after delivery, in hiding, or attempting to hide, what he conceded was thought to be eleven grams of cocaine from federal agents. Defendant maintains that the failure to give his sentence individualized consideration resulted in a violation of Eighth Amendment rights.
 
 
 8
 The Eighth Amendment prohibits the infliction of cruel and unusual punishment. A sentence may be cruel and unusual if it is seriously disproportionate to the crime committed. Solem v. Helm, 463 U.S. 277, 284 (1982).
 
 
 9
 Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals.
 
 
 10
 Solem, 463 U.S. at 290.
 
 
 11
 The Constitution does not require individualized sentencing in non-capital cases. Lockett v. Ohio, 438 U.S. 586, 602 (1978); United States v. Levy, 904 F.2d 1026, 1035 (6th Cir.1990). We have held that the sentencing guidelines do not constitute cruel and unusual punishment under the Eighth Amendment. United States v. Walton, 908 F.2d 1289, 1300 (6th Cir.1990), cert. denied sub nom Mitchell v. United States, 59 U.S.L.W. 3276 (1991); Levy, 904 F.2d at 1034-35. We emphasize that here the district court sentenced at the lowest range of the applicable guidelines. This sentence does not constitute cruel and unusual punishment. See Walton, 908 F.2d at 1300.
 
 2. Due Process
 
 12
 Defendant maintains that the district court violated his rights to due process in failing to state reasons for the 51 month sentence. This argument is meritless.
 
 
 13
 This court has held that if the "judge sentences within the appropriate guideline, and the range of the guideline does not exceed 24 months, the trial judge is not required to state reasons for selecting a sentence within the guideline range." United States v. Dogue, 883 F.2d 43, 44 (6th Cir.1989) citing 18 U.S.C. 3553(b) & (c).
 
 
 14
 The base level offense for accessory after the fact is determined by subtracting six points from the offense level for the underlying offense. Here, the underlying offense is attempted possession with intent to distribute eleven kilograms of cocaine. Guideline Sec. 2D1.1 fixes the offense level for this drug quantity at 32. Therefore the base level for accessory after the fact is 26. Defendant obtained the benefit of a two point reduction of the base level for acceptance of responsibility. The adjusted offense level, coupled with a category I criminal history resulted in a guideline range of a minimum of 51 months. The court sentenced defendant within this guideline range. There has been no due process violation. Walton, 908 F.2d at 1300.
 
 
 15
 3. Reduction for acceptance of responsibility
 
 
 16
 Defendant challenged the guideline range on the ground that he was entitled to a further reduction of two levels which would bring the sentencing range to 41 to 51 months.
 
 
 17
 This court reviews findings of fact underlying a district court's sentencing decision using a clearly erroneous standard. 18 U.S.C. section 3742(e); Dogue, 883 F.2d at 44. In addressing defendant's claim that a lower guideline applied to this case, the court noted that even if the lower range applied, the sentence intended by the court would fall within either guideline range. These factual determinations are not clearly erroneous and the court was not required to explain further why it chose to sentence defendant to 51 months imprisonment.
 
 
 18
 The district court held, in effect, that the reduction in culpability level sought by defendant was already incorporated or taken into account in the base offense level for accessory after the fact. Defendant failed to persuade the court that he was entitled to a further reduction in offense level which would produce a guideline range less than 51 months, and the district court found nothing "that would allow it to depart from the guidelines in this matter." We find no demonstrated error in the sentence under the circumstances, because the four-level reduction he sought as a minimal participant would be offset in part by a two-level increase for obstruction of justice by Vantrees' effort to hide the contraband. We find it unnecessary to determine whether, under all the circumstances, the minimal participant provision in the sentencing guidelines does not apply to aiders and abettors, but we conclude that the sentence imposed was within the guidelines authority of the court in this case.
 
 
 19
 We are aware that in many instances, particularly in respect to drug offenses, that the guidelines impose stringent sentences. In appropriate circumstances, for persuasive and particularized reasons given, the district judge may depart from the guidelines range. We do not ordinarily review on appeal, however, refusal of district courts to depart from the guidelines even where the penalty, as here, is onerous. We find no basis in this case to vary from this standard, despite the urgings of defendants, in order to impose our view of what "fairness" of sentencing may be on Vantrees.
 
 
 20
 We therefore AFFIRM the decision of the district court.
 
 
 
 [1]
 The district court stated at sentencing that the reduction sought did not apply "because the reduced culpability is incorporated in the basic offense."