941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freddie B. BROWN, III, Defendant-Appellant.
 No. 90-3590.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1991.
 
 Before KENNEDY and MILBURN, Circuit Judges, and WILHOIT, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant-appellant Freddie B. Brown, III, appeals the sentence imposed after he pleaded guilty to five counts of bank robbery in violation of 18 U.S.C. § 2113(a) & (d) and one count of using and carrying a firearm during the commission of a violent offense, bank robbery, in violation of 18 U.S.C. § 924(c). The principal issues presented in this appeal, as framed by defendant, are (1) whether, in determining minor participant status under § 3B1.2 of the guidelines, the scope of the district court's factual inquiry must encompass facts and circumstances surrounding the offense instead of focusing on the defendant's actual involvement in the offense charged; and (2) whether appellate review of the proper scope of factual inquiry to be conducted by the district court in determining minor participant status is to be conducted under the clearly erroneous standard or reviewed de novo. For the reasons that follow, we affirm.
 
 I.
 
 2
 On February 20, 1990, Brown was charged along with co-defendant Martin Lovejoy of multiple counts of bank robbery and one count of using and carrying a firearm during the commission of a bank robbery. Lovejoy was charged with two counts of armed bank robbery above and beyond the charges against Brown. All the offenses occurred between December 20, 1989, and January 25, 1990, in banks located in Toledo, Ohio, and Cleveland, Ohio. On March 27, 1990, Brown pleaded guilty to the charges against him.
 
 
 3
 A Presentence Investigation Report ("PSI") was prepared pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure. The PSI did not recommend any adjustment for Brown's role in the offense. Brown's counsel forwarded a letter to the probation department dated June 1, 1990, contending that Brown was entitled to a two-level reduction as a "minor participant" under § 3B1.2 of the United States Sentencing Guidelines ("U.S.S.G."). The letter stressed that (1) the idea to rob the banks originated with Lovejoy and Brown was Lovejoy's recruit; (2) Lovejoy provided the transportation; (3) Lovejoy selected the banks to be robbed; (4) Lovejoy robbed other banks without Brown's help; (5) Lovejoy furnished the toy gun that Brown used in the first two robberies; (6) upon being pursued by police following the last robbery, Brown surrendered peacefully, but Lovejoy resisted Brown's urgings to surrender and chose to "shoot it out" with police; and (7) Brown was passive in the robberies except for his vocal and assertive role with regard to two of the robberies.
 
 
 4
 When the matter came before the district court for sentencing on June 12, 1990, counsel for defendant asserted to the court, without being challenged by the government, that there was no significant dispute with regard to the relevant facts, only "the application of the law to those facts." Brown's counsel argued that viewing the overall robbery scheme, a comparison of Brown's actions to those of his co-defendant led to the conclusion that Brown was entitled to minor participant status and a two-level reduction in his total offense level on each of the five bank robbery charges. Counsel for Brown admitted that in one or two of the robberies, Brown was more "assertive" than his co-defendant, but argued that the fact of Brown's aggressiveness in one or two of the robberies must be considered "in the mix with all of the other factors."
 
 
 5
 The government responded that Brown's conduct certainly was not minor with regard to at least two of the robberies. In one of these robberies, Lovejoy was the "wheel man" who stayed with the car while Brown went inside and perpetrated the robbery. During another robbery, Brown "was the more vocal, the more present participant...." The government argued that given the procedure of calculating the offense level for multiple counts, Brown's offense level would be the same even if he were given a two-point reduction on three of the offenses.[1]
 
 
 6
 After noting that the determination of minor participant status is "heavily dependent on the facts of the particular case," the district court rejected on two grounds defendant's arguments for treatment as a minor participant. The argument that the defendant was merely Lovejoy's helper was not seen as dispositive by the district court because
 
 
 7
 the facts of the bank robberies aren't really what happened until somebody came into the bank. It's what happened then and there isn't any doubt in my mind that when two people enter a bank to rob it, it's a much more dangerous and threatening situation to the victims. Certainly it appears much dangerous than if only one did. If perhaps Mr. Brown had never done anything but drive the automobile and then never stuck his nose into any of the banks, you'd have a marginal question as to whether he was a minor participant.... [B]ut we're not faced with that situation here, he actually went into these banks and whether he was more aggressive than Mr. Lovejoy or Mr. Lovejoy was more aggressive than he on some occasions doesn't appear to me to be very significant. The significant thing is that [Brown] went into the bank intending to rob it and he did rob it, and that's the corpus delecti, the body of the offense and the person who commits every element of the body of the offense commits it.... The fact that the Co-Defendant was the leader and the Defendant was a follower doesn't make the Defendant a minor participant. In the actual commission of most of the robberies the two acted together, and in some instances the Defendant appeared to be, to the victims at least, to be the leader.
 
 
 8
 J.A. 29-30.
 
 
 9
 Apparently accepting the government's argument as a second ground for refusing to reduce defendant's offense level, the district court stated
 
 
 10
 [A]ssuming that I accepted the Defendant's arguments and gave him a two-point reduction in the guideline levels, it still wouldn't, wouldn't alter the, the bottom line.... I think the two-point reduction would still leave it at 97 to 121 months and so I'm going to overrule the objection on that ground also....
 
 
 11
 J.A. 30.
 
 
 12
 Although the district court rejected Brown's arguments for treatment as a minor participant, it awarded a two-level reduction for acceptance of responsibility. Thus, instead of a total offense level of 26 which Brown's counsel sought, Brown was sentenced based on a total offense level of 28. Accordingly, sentence was pronounced in open court on June 12, 1990, as reflected in the judgment including sentence entered on June 19, 1990. This timely appeal followed.
 
 II.
 
 13
 A. Scope of Review and Decisional Standards.
 
 
 14
 Appellate review of sentences imposed under the guidelines is provided for and governed by 18 U.S.C. § 3742 which provides in relevant part:
 
 
 15
 (e) Consideration.--Upon review of the record, the court of appeals shall determine whether the sentence--
 
 
 16
 (1) was imposed in violation of law;
 
 
 17
 (2) was imposed as a result of an incorrect application of the sentencing guidelines;
 
 
 18
 .............................................................
 
 
 19
 ...................
 
 
 20
 * * *
 
 
 21
 .............................................................
 
 
 22
 ...................
 
 
 23
 * * *
 
 
 24
 The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.
 
 
 25
 (f) Decision and disposition--If the court of appeals determines that the sentence--
 
 
 26
 (1) was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate....
 
 
 27
 The deference given under the "due deference" language of 18 U.S.C. § 3742(e) varies depending on whether an issue is purely factual, purely legal, or mixed. United States v. Carroll, 893 F.2d 1502, 1506 (6th Cir.1990); see United States v. Sanchez, 928 F.2d 1450, 1458 (6th Cir.1991) (question that turns primarily upon the interpretation of a guideline term is reviewed de novo).
 
 
 28
 Part B of chapter 3 of the guidelines "provides adjustments to the offense level based upon the role the defendant played in committing the offense." U.S.S.G., Ch. 3, Pt. D, intro. comment. Upward adjustments are provided for an aggravating role in the offense, and downward adjustments are provided for a mitigating role. Section 3B1.2 of the guidelines is the relevant section in this appeal and instructs the district court to decrease the defendant's offense level by two levels "[i]f the defendant was a minor participant in any criminal activity...." (emphasis added). A minor participant is "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n. 3).
 
 
 29
 It is clear that § 3B1.2 of the guidelines should not be construed in such a way as to provide an adjustment for one defendant's mitigating role in all cases where one defendant is slightly less culpable than the other. "Many offenses are committed ... by individuals of roughly equal culpability so that none of them will receive an adjustment under this Part. In addition, some participants in a criminal organization may receive increases under § 3B1.1 (Aggravating Role) while others receive decreases under § 3B1.2 (Mitigating Role) and still other participants receive no adjustment." U.S.S.G. § 3B1.4, comment.
 
 
 30
 It is also apparent that the adjustments for a defendant's role in the offense under chapter 3 of the guidelines are to be determined on the basis of "all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would otherwise be accountable, that occurred during the commission of the offense of conviction, in preparation of that offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense." U.S.S.G. § 1B1.3(a)(1) (November 1989); see also U.S.S.G., Ch. 3, Pt. B, intro. comment. (November 1990).
 
 B. Discussion
 
 31
 Although counsel for defendant makes a valiant attempt to frame the issues in such a way as to bring this case within a more favorable standard of review, it is well-established that a district court's determination of whether or not a defendant was a minor participant in the offense charged is a factual determination to be reviewed under the clearly erroneous standard. See, e.g., United States v. Hodges, Nos. 90-1124, 1154, 1155, 1260, slip op. at ___ (6th Cir. June 7, 1991) (1991 WL 94435); United States v. Smith, 918 F.2d 664, 669 (6th Cir.1990), cert. denied, 111 S.Ct. 1088 (1991); United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 111 S.Ct. 565 (1990); United States v. Anders, 899 F.2d 570, 580 (6th Cir.) (upholding denial of minimal participant status even though district court relied upon improper commentary), cert. denied, 111 S.Ct. 532 (1990); United States v. Moreno, 899 F.2d 465, 470-71 (6th Cir.1990); United States v. Williams, 894 F.2d 208, 214 (6th Cir.1990); United States v. Duque, 883 F.2d 43, 45 (6th Cir.1989). In fact, defendant recognizes that the question of whether or not he was a minor participant is a factual question. Appellant's Brief at 15.
 
 
 32
 Defendant insists that the "issue now before this Court is not whether Brown was or was not a minor participant; ... [instead], [t]he legal question for this Court is what facts should the District Court have considered in making that determination." Defendant argues that by limiting the scope of its inquiry, "the district court incorrectly interpreted and misapplied Section 3B1.2 of the Guidelines as a matter of law."
 
 
 33
 Thus, defendant's principal arguments are that the district court, in determining a defendant's claim to minor participant status, is obligated to "consider all the surrounding facts and circumstances and not just a defendant's actual participation in the criminal act," and that the proper scope of the factual inquiry under the guidelines is primarily a question of law to be reviewed de novo. Although the authority set out in section II A, supra, offers some support for defendant's principal arguments, defendant must show more in order to prevail in this case. This court will not reverse a sentence on the basis of a district court's factual finding unless "the entire evidence leaves the ... court with a definite and firm conviction that the lower court made a mistake." United States v. Ransbottom, 914 F.2d 743, 747 (6th Cir.), cert. denied, 111 S.Ct. 439 (1990); see United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 111 S.Ct. 565 (1990); see also United States v. Kingston, 922 F.2d 1234, 1239-40 (6th Cir.1990) (reversing because district court accepted PSI determination without hearing proof), cert. denied, 111 S.Ct. 2054 (1991).
 
 
 34
 The government offers little challenge to defendant's principal arguments. In fact, the government concedes that "when determining whether to reduce or increase a defendant's base offense level, the district court should, relative to the defendant's conduct, examine all acts and omissions by the defendant, occurring during the preparation of, the commission of, and in furtherance of, the offense of conviction, as well as any acts of attempting to avoid detection or responsibility for the offense." Appellee's Brief at 6. The government, however, challenges defendant's secondary assertion that the district court treated many of the surrounding facts as "totally irrelevant," and "totally ignored them" in determining whether defendant was entitled to minor participant status. The government contends that an examination of the record demonstrates that the court considered the facts set forth by the defendant but simply chose to attach little weight to those facts. We agree.
 
 
 35
 The district court stated in open court that it had read the letter forwarded by defendant's counsel to the probation department setting forth the factors favorable to defendant. The court heard those same factors argued in open court by defendant's counsel and complimented defendant's counsel for his "eloquent" statements on behalf of defendant. All the factors that the defendant claims the district court ignored were directed at showing that Lovejoy was the leader and defendant was a follower. Nevertheless, the district court was of the view that "[t]he fact that the Co-Defendant was the leader and the Defendant was a follower doesn't make the Defendant a minor participant...." This statement reveals that the district court considered the evidence and arguments offered by defendant. Moreover, it is a correct statement of the law in this circuit. See Perry, 908 F.2d at 58; Moreno, 899 F.2d at 471; United States v. Combs, Nos. 90-5651, -5704 (6th Cir. Mar. 13, 1991) (unpublished opinion) (defendant not entitled to reduction merely because he was not "ringleader").
 
 
 36
 Another of defendant's secondary arguments reveals that this appeal is premised upon a mistaken impression of a defendant's burden with regard to showing his level of culpability. Defendant argues that "[a]s the term is used in the Guidelines, culpability is not a question of guilt or innocence, it is simply whether one participant to a crime is less culpable than another, and if so, he is a minor participant for sentencing purposes."
 
 
 37
 Defendant's reasoning would require a two-point reduction for one defendant as a minor participant in virtually every case with two or more participants, even if one was only slightly less culpable than the other. This clearly was not intended by the sentencing commission. See U.S.S.G. § 3B1.2, comment. (backg'd); U.S.S.G. § 3B1.4 comment.; United States v. Andrus, 925 F.2d 335, 337 (9th Cir.1991). This court has repeatedly made it clear that in order to be entitled to a reduction for minor participation, a defendant bears the burden of establishing by a preponderance of the evidence, not only that he was less culpable than other participants, but also that he was "substantially less culpable than the average participant." Smith, 918 F.2d at 669 (emphasis added); Perry, 908 F.2d 56, 58; see also Kingston, 922 F.2d at 1239-40 (reversing because district court did not require defendant to prove entitlement to reduction).
 
 
 38
 The government points out that the district court had before it several undisputed facts in the PSI[2] which refuted the notion that defendant was "substantially less culpable than the average participant." Although Brown began the robbery spree with a toy gun supplied to him by Lovejoy, in the last robberies Brown armed himself heavily with large caliber weapons. Moreover, Brown and Lovejoy shared equally in the proceeds of their robberies. Furthermore, according to the tellers interviewed during the investigation of the robberies, Brown was the more "vocal and assertive" perpetrator during the commission of the robberies. Given these facts, it cannot be said that the district court's determination that defendant was not a minor participant was clearly erroneous.
 
 
 39
 To say that the district court erred because of the weight it placed upon defendant's actions during the commission of the robberies would be to usurp the district court's function as the fact finder in sentencing. Moreover, under U.S.S.G. § 1B1.3 and U.S.S.G., Ch. 3, Pt. B, the conduct most relevant to defendant's role in these offenses appears to be his conduct during the commission of the robberies.
 
 III.
 
 40
 Accordingly, defendant's sentence is AFFIRMED.
 
 
 
 *
 Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Where closely-related multiple counts are involved, with certain exceptions not applicable in this case, the offense level is based on the count which produces the highest offense level. U.S.S.G. § 3D1.3(a)
 
 
 [2]
 Defendant's escapee status and his addiction to "crack" cocaine are not factored into this discussion because they do not fit the conduct that is described as relevant by U.S.S.G. § 1B1.3