9 F.3d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark L. BOYER, Defendant-Appellant.
 No. 93-3153.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1993.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Mark L. Boyer appeals the sentence imposed following his plea of guilty to twenty-five counts of mail fraud in violation of 18 U.S.C. § 1341. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Boyer pleaded guilty pursuant to a Fed.R.Crim.P. 11 plea agreement, which stipulated an adjusted offense level of 11 in the absence of any motion by Boyer for a downward departure. Prior to sentencing, Boyer moved for a downward adjustment under U.S.S.G. § 5H1.4 based on his physical condition. His motion was denied. Using the adjusted offense level of 11 and a Criminal History Category of II, the district court determined a sentencing range of 10 to 16 months. The district court sentenced Boyer to serve sixteen months' imprisonment and three years' supervised release and to pay $65,300 in restitution. On appeal, Boyer argues that the district court erred by denying the motion for a downward departure.
 
 
 4
 Upon review, we affirm the district court's judgment. The district court's refusal to grant a request for a downward departure is not cognizable on appeal. See United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir.1991). The denial of a downward departure is not reviewable where the guideline range was properly computed, unless the district court was unaware of its discretion to depart or the sentence was imposed in violation of law or as a result of an incorrect application of the sentencing guidelines. United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990).
 
 
 5
 Boyer does not dispute the computation of the guideline range. Rather, he argues that the district court was unaware of its discretion to depart and that the sentence was imposed in violation of law.
 
 
 6
 The record does not support Boyer's allegation that the district court was unaware of its discretion. Boyer's counsel advised the court in the motion for a departure and in her argument at sentencing that the district court was authorized under 18 U.S.C. § 3553(b) and U.S.S.G. § 5H1.4 to grant a downward departure based on an extraordinary physical impairment. Similarly, the government's attorney acknowledged the stated authority to depart and argued simply that Boyer's health condition, while serious, did not constitute an "extraordinary physical impairment" which would warrant a discretionary departure under U.S.S.G. § 5H1.
 
 
 7
 Moreover, the record does not indicate that the district court in any way doubted its discretion to depart from the guidelines. Contrary to Boyer's assertion, the district court is not required to clearly articulate an awareness of its discretion. In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court is aware of the law it is called upon to apply. See United States v. Russell, 870 F.2d 18, 20 (1st Cir.1989) (memorandum and order). Review of the record reveals no ambiguities.
 
 
 8
 Boyer has not shown that the sentence was imposed in violation of law due to any failure by the district court to resolve disputed sentencing factors. The sentencing guidelines require the district court to provide the parties an adequate opportunity to present information regarding any factor reasonably in dispute and to resolve disputed factors in accordance with Fed.R.Crim.P. 32(a)(1). U.S.S.G. § 6A1.3, p.s. Rule 32(a)(1) requires that, before imposing sentence, the district court shall determine whether the defendant and defendant's counsel have had an opportunity to read and discuss the presentence investigation report, afford counsel for the defendant an opportunity to speak on behalf of the defendant, and address the defendant personally and determine whether the defendant wishes to make a statement or present information to the court. Review of the record establishes that the district was not remiss in its duties under U.S.S.G. § 6A1.3.
 
 
 9
 Boyer's final argument, that the district court erred by failing to state its reasons for imposing the sixteen-month sentence, also lacks merit. "The court's statement of 'the reasons for its imposition of the particular sentence' required by 18 U.S.C. § 3553(c) need not include the reasons for denying a request for a departure." United States v. Lowden, 905 F.2d 1448, 1449 n. 1 (10th Cir.), cert. denied, 498 U.S. 876 (1990). Moreover, where, as here, the sentence is within a properly computed guideline range which does not exceed twenty-four months, no statement of reasons is required. United States v. Duque, 883 F.2d 43, 44 (6th Cir.1989).
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation