16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis W. HAYES, Defendant-Appellant.
 No. 93-3704.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1994.
 
 Before: KENNEDY, JONES and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from a resentencing of the appellant pursuant to an earlier remand of a motion to vacate under 28 U.S.C. Sec. 2255. Dennis W. Hayes pleaded guilty in 1990 to one count of money laundering (18 U.S.C. Sec. 982), one count of copyright infringement (17 U.S.C. Sec. 506(a) and 18 U.S.C. Sec. 2319(b)(3)), and one count of structuring financial transactions to evade reporting requirements (31 U.S.C. Secs. 5324 & 5322(a)). Hayes did not take a direct appeal from this conviction but later challenged his sentence in a motion to vacate. As a result, a panel of this court directed that the money laundering conviction be vacated and that Hayes be resentenced accordingly on the most serious remaining count, the structuring count. Hayes v. United States, No. 92-3850 (6th Cir. March 9, 1993) (order) (unpublished).
 
 
 3
 The district court thereafter ordered a new presentence report and guideline sentence calculation. The court resentenced Hayes on the structuring count to a thirty-three month sentence of imprisonment and a three-year term of supervised release. The supervised release term included a requirement that Hayes perform 300 hours of community service, at least 100 hours per year. This appeal followed. The parties have briefed the issues; Hayes is proceeding without benefit of counsel.
 
 
 4
 Hayes has served out his term of imprisonment; the thrust of his appeal is directed to eliminating the community service requirement of what he views as a lengthy period of supervised release. The record and law, however, support the district court's resentencing decision.
 
 
 5
 Hayes was indicted in connection with the manufacture and sale of counterfeit computer chips. The evidence, as summarized in the presentence report, shows that Hayes copied a valuable computer chip and marketed it worldwide using, inter alia, the services of a silk screen artist to produce the effect of a legal chip. The prosecution located several hundred thousand dollars belonging to Hayes, chiefly in the form of cash, cashiers' checks, Swiss bank accounts and an airplane. On resentencing, the district court added two points to Hayes's base offense level pursuant to U.S.S.G. Sec. 2S1.3(b)(1). Section 2S1.3(b)(1) is an enhancement applicable to structuring offenders if the offender knew or believed that the funds were criminally derived. An additional point is added pursuant to Sec. 2S1.3(b)(2)(B) if the value of the funds is determined to exceed $100,000.
 
 
 6
 On appeal, Hayes sets forth three separate assignments of error. The first and second assignments are concerned with the Sec. 2S1.3 enhancement; the third is a claim that the sentence is excessive and is dependent on the issues presented in the first two assignments.
 
 
 7
 The appeal is meritless. On appeal, Hayes makes the fantastic claim that he never knew the proceeds of his activities were ill-gotten gain. See, e.g., Reply Brief p. 6 ("The defendant copied a program, and by accident made a large amount of money. He felt the copyright was improper, and wanted to challenge it's [sic] validity, but instead was attacked by the United States government."). This is directly contradicted by his statement as late in the proceedings as the resentencing and is prima facie absurd. Equally unavailing is Hayes's claim that the district court erred in the calculation of the total amount of his profit from the counterfeiting enterprise. A sentencing court's findings of fact will not be disturbed on appeal unless clearly erroneous. 18 U.S.C. Sec. 3742(e); United States v. Duque, 883 F.2d 43, 44-45 (6th Cir.1989). The amount attributed to Hayes in the pre-sentence report is well over $100,000 and was never seriously contested by Hayes or his attorney. The enhancement was proper. Hayes's final claim, that his sentence was excessive due to the improper addition of the aforementioned enhancement, is likewise without merit.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.