76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thaddeus WASHINGTON, Defendant-Appellant.
 No. 95-3642.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1996.
 
 1
 Before: KEITH and SILER, Circuit Judges; and GIBBONS, Chief District Judge.*
 
 ORDER
 
 2
 This federal prisoner appeals his sentence of imprisonment entered on his plea of guilty to attempting to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846. The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Thaddeus Washington pleaded guilty pursuant to a negotiated plea agreement whereby the government agreed to dismiss a charge that he possessed a handgun while in the commission of a drug felony in violation of 18 U.S.C. § 924(c). The district court sentenced Washington to 66 months in prison (offense level 25, criminal history category I, range of 57 to 71 months), three years of supervised release, a $1,000 fine, and a $50 assessment. Washington appealed.
 
 
 4
 In his timely appeal, Washington claims that: 1) the district court erred in not departing downward from the applicable range of the sentencing guidelines; and 2) the district court erred in determining the applicable guideline range without making a detailed finding as to unresolved objections to the Presentence Investigation Report (PSI).
 
 
 5
 A decision not to effect a downward departure is generally not cognizable on appeal. United States v. Pickett, 941 F.2d 411, 417 (6th Cir.1991). A refusal to depart downward may be reviewed if the district court incorrectly believed that it could not consider a defendant's mitigating circumstances and exercise discretion to depart under the guidelines. United States v. Landers, 39 F.3d 643, 649 (6th Cir.1994); United States v. Griffith, 17 F.3d 865, 882 (6th Cir.), cert. denied, 115 S.Ct. 149 (1994). Where there is no such error, however, and the sentence is otherwise lawful, the failure to depart is not subject to review. United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply. United States v. Russell, 870 F.2d 18, 20 (1st Cir.1989). Moreover, it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995).
 
 
 6
 The district court's decision not to depart downward is not subject to review. Washington's first claim is that the district court erred in not departing downward from the applicable range of the sentencing guidelines. In support of his claim, Washington argues that the district court did not adequately consider his limited criminal history, the lack of violence or physical harm in the offense, and his acceptance of responsibility for his involvement in the offense. The record reveals that the district court clearly understood that it had the power to consider mitigating evidence and effect a downward departure. At the sentencing hearing, the district court specifically considered a letter submitted by defense counsel with regard to mitigating circumstances and a downward departure. The district court also gave defense counsel and Washington an opportunity to present arguments in mitigation of sentence. Thus, the district court clearly exercised its discretion and found the downward departure unwarranted. See Byrd, 53 F.3d at 145. Therefore, the district court's decision not to depart downward is not subject to review. Davis, 919 F.2d at 1187.
 
 
 7
 Washington's second claim is meritless. Washington claims that the district court erred in determining the applicable guideline range without making a detailed finding as to unresolved objections to the presentence investigation report. Generally, the district court shall resolve disputed sentencing factors in accordance with Fed.R.Crim.P. 32(a)(1). In this case, however, the only unresolved objection to the PSI was Washington's request for a downward departure. In other words, Washington requested that the district court depart downward from his guideline range based upon a number of factors set forth in Washington's objection letter. The record clearly reveals that the district court considered any and all arguments in mitigation of sentence and rejected the arguments for downward departure. In addition, the record clearly reveals that the district court considered Washington's objection to being held accountable for possession of a pistol.
 
 
 8
 Moreover, Washington's claim is meritless because, if the district court sentences a defendant within the appropriate guideline range and the range does not exceed 24 months, the district court is not required to state reasons for selecting a sentence within the guideline range. United States v. Lively, 20 F.3d 193, 198 (6th Cir.1994) (quoting United States v. Duque, 883 F.2d 43, 44-45 (6th Cir.1989)). In this case, the district court sentenced Washington within the guideline range both with respect to the kind of sentence (imprisonment and fine) and to the length of the sentence (a guideline range of 57 to 71 months with a 66 month sentence imposed on Washington). Because the range was less than 24 months, the district court need not state with particularity reasons for setting a sentence that falls within the guidelines. Duque, 883 F.2d at 44.
 
 
 9
 Accordingly, the district court's judgment of conviction and sentence is hereby affirmed.
 
 
 
 *
 The Honorable Julia S. Gibbons, Chief United States District Judge for the Western District of Tennessee, sitting by designation