UNITED STATES of America,
Plaintiff–Appellee,

v.

Linda LOCKARD, Defendant–Appellant.

No. 89–50469.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 1990.*

Decided July 26, 1990.

As Amended on Denial of Rehearing
Sept. 10, 1990.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed.R. App.P. 34(a); 9th Cir. R. 34–4.

Martha M. Hall, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Larry A. Burns, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before WALLACE, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Linda Lockard ("Lockard") appeals the district court's sentence imposed upon revocation of her supervised release. We have jurisdiction under 18 U.S.C. § 3742(a) and we affirm.

## FACTS

On November 23, 1988, Lockard pleaded guilty to possession of unauthorized access devices. 18 U.S.C. §§ 2, 1029(a)(3), and 1029(b)(2). The district court sentenced Lockard to nine months in custody, followed by two years of supervised release. On August 28, 1989, Lockard, who had pleaded guilty in state court to burglary of an inhabited building, pleaded guilty in district court to violation of her supervised release. The district court revoked Lockard's supervised release and sentenced her to two years in custody. Lockard appeals.

## ANALYSIS

Lockard does not contest her original sentence. She claims that the district court incorrectly sentenced her to two years in custody for violation of her supervised release. She contends that the district court failed to consider the relevant sentencing factors and neglected to state its reasons for imposing the two-year sentence. We find no error in the district court's imposition of the two-year term of supervised release, and we affirm.

### A. *Application of the Guidelines*

We review de novo the district court's application of the Sentencing Guidelines. *United States v. Restrepo*, 884 F.2d 1294, 1295 (9th Cir.1989).

18 U.S.C. § 3583(e)(3) allows the district court to

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds [1] by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to [2] the provisions of the Federal Rules of Criminal

Procedure that are applicable to probation revocation and to [3] the provisions of applicable policy statements issued by the Sentencing Commission, [4] except that a person whose term is revoked under this paragraph may not be required to serve more than ... 2 years in prison if the offense was a Class C or D felony.

■ Lockard pleaded guilty to violating a condition of her supervised release. Focusing on section 3583(e)(3), she does not [1] contest the preponderance of the evidence or [2] argue that the district court violated the provisions of the Federal Rules of Criminal Procedure applicable to probation revocation. Nor is [4] contested: Lockard was not required to serve more than two years in prison. With regard to [3], the district court properly followed the applicable policy statements issued by the Sentencing Commission. "Upon a finding of a violation of supervised release involving new criminal conduct, other than criminal conduct constituting a petty offense, the court shall revoke supervised release." U.S. Sentencing Guidelines § 7A1.3(a). "This policy statement expresses a presumption that supervised release is to be revoked in the case of new criminal conduct other than a petty offense." *Id.*, Commentary. "Upon revocation of supervised release, no credit shall be given (toward any term of imprisonment ordered) for time previously served on post-release supervision." U.S. Sentencing Guidelines § 7A1.4(b). Thus, the requirements of section 3583(e)(3) were met.

■ Section 3583(e) also requires the district court to consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6). These factors are: The nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrent to criminal conduct; the need for the

sentence imposed to protect the public from further crimes of the defendant; the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kind of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statement issued by the Sentencing Commission; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

There is no indication from the record that the district court failed to consider these factors. The guidelines called for the two-year sentence. Lockard also admitted to being addicted to methamphetamine. At the sentencing hearing her attorney stated, "She has indicated to me, your Honor, that she thinks if she does some more time in jail that she will have a better opportunity to totally clean out her system. Basically, she says that she didn't think the time that she served was really enough to get the addiction licked and to get all the traces of drugs out of her system." Reporter's Transcript ("R.T.") 8/28/89 at 5. Moreover, burglary, the crime that triggered revocation of Lockard's term of supervised release, is a serious crime. Consideration of the factors specified in section 3583(e) further supports the district court's revocation of supervised release. We conclude that the district court did not incorrectly apply the statute or the guidelines.

### B. *Statement of Reasons*

Lockard next argues that the district court erred by not stating its reasons for the imposition of the two-year sentence of incarceration. The relevant statutory provision states:

The court, at the time of sentencing, shall state in open court the reasons for

its imposition of the particular sentence, and, if the sentence—

(1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or

(2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described.

18 U.S.C. § 3553(c).

■ We begin by noting that neither subsection (1) nor (2) of section 3553(c) is applicable to this case. The guideline range for the sentence imposed did not exceed 24 months (subsection (1)) and the sentence did not depart from the relevant guidelines sections 7A1.3 and 7A1.4 (subsection (2)). *See United States v. Howard*, 894 F.2d 1085, 1091–92 (9th Cir.1990) (definition of "range"). In fact, there is no "range" for revocation of a term of supervised release and imposition of the term of that sentence. Therefore, subsections (1) and (2) are inapplicable. The district court was not required to state its reasons for choosing a particular point on the applicable range, nor its reasons for any departure. *See, e.g., id.* at 1092; *United States v. Williams*, 891 F.2d 921, 923–24 (D.C.Cir. 1989); *United States v. Ehret*, 885 F.2d 441, 443 (8th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 879, 107 L.Ed.2d 962 (1990).

■ We next consider whether the prefatory language of section 3553(c) nonetheless imposes some general requirement upon the district court. The language reads: "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, *and*, if the sentence...." 18 U.S.C. § 3553(c) (emphasis added). If the emphasized "and" were not in the statute, plainly no statement of reasons would be necessary absent either condition set forth in subsections (1) or (2). However, the "and" exists and must be given meaning: some statement of reasons is required, even if

the more specific and detailed reasons of subsections (1) and (2) are not. We will not read the "and" out of the statute: "We avoid any statutory interpretation that renders any section superfluous and does not give effect to all of the words used by Congress." *Central Montana Elec. Power Coop., Inc. v. Administrator of the Bonneville Power Admin. ("Central Montana")*, 840 F.2d 1472, 1478 (9th Cir.1988); *see Aluminum Co. of Am. v. Bonneville Power Admin.*, 891 F.2d 748, 756 (9th Cir. 1989).

Our reading of the statute is supported by the legislative history. *See Central Montana*, 840 F.2d at 1477 (we look next to legislative history). The Senate Report clearly separates the requirement that the court state its general reasons for imposing a sentence from the more specific and detailed statements required by subsections (1) and (2):

Subsection (c) contains a new requirement that the court give the reasons for the imposition of the sentence at the time of sentencing. It *also* requires, if the sentence is within the guidelines,[1] the court to give the reasons for imposing a sentence at a particular point within the range. *Further*, if the sentence is not within the sentencing guidelines, the court must state the specific reason for imposing sentence that differs from the guidelines.

S.Rep. No. 225, 98th Cong., 2d Sess. 79, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3262 ("S.Rep.") (emphasis added).

The general statement of reasons also facilitates review under the guidelines. *Williams*, 891 F.2d at 924.

It is also important that the judge state general reasons for a sentence within the applicable guidelines to inform the defendant and the public of the reasons why the offender is subject to that particular guideline and in order to guide probation officers and prison officials to develop a program to meet his needs.

---

**1.** Congress modified this provision of the statute in 1987 to limit its applicability to sentences

where the guideline range exceeds twenty-four months.

S. Rep. at 80, U.S.Code Cong. & Admin. News at 3263.

We hold that 18 U.S.C. § 3553(c) requires the district court to state, in open court, its general reasons for its imposition of the particular sentence, notwithstanding the absence of the conditions described in subsections (1) and (2). This requirement is satisfied by an explanation of how the district court determined the relevant guideline range.

> To facilitate review of a sentence imposed under the guidelines, the sentencing judge must address the defendant's arguments in a manner that is understandable when the sentencing hearing is viewed in the context of the record, including the presentence report. In particular, to aid this court in determining the propriety of a sentence, the district court should refer by section to the Guidelines upon which it relies, or expressly state that it is imposing a sentence in accordance with the Guidelines sections identified in the presentence report.

*Williams,* 891 F.2d at 924 (citation omitted).

We do not read *United States v. Howard,* 894 F.2d 1085 (9th Cir.1990), as being inconsistent with our holding today. In *Howard,* we determined that the district court did not need to make the detailed statements required by subsections (1) or (2). The district court in that case met the requirement of a general statement: it explained and determined the relevant guideline range. *See, e.g., id.* at 1088. The district court was not required to give any further explanation. *Id.* at 1092 ("A sentencing court need only provide reasons for its *choice of sentence* if the span of the particular range involved exceeds twenty-four months.") (emphasis added). Our approach also appears consistent with that recently taken in other circuits.[2] *See United States v. Beaulieu,* 900 F.2d 1531, 1536

(10th Cir. Apr. 17, 1990) (only general statement of "reasons" required where (1) and (2) not applicable); *Williams,* 891 F.2d at 923–24.

However, we note that the statement of reasons was not intended to "become a legal battleground for challenging the propriety of a particular sentence or the probation or institutional program in which the defendant is placed." S. Rep. at 80, U.S. Code Cong. & Admin.News at 3263. "Regardless of the grounds for appeal, the statement of reasons should not be subject to such legalistic analysis that will make judges reluctant to sentence outside the guidelines when it is appropriate or that will encourage judges to give reasons in a standardized manner." *Id.*

■ In this case, the district court did not err. The court made its reasons for imposing the sentence sufficiently clear. The district court stated:

> [T]he Defendant violated her supervised release involving new criminal conduct. It is not conduct constituting a petty offense and the Court, thereby, revokes her supervised release and, therefore, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the Defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for the term of her supervised release which is two years. This sentence is imposed in accordance with Section 7(a)1.3 Revocation of Supervised Release of the Sentencing Reform Act of 1984.

R.T. 8/28/89 at 6. We find this sufficient to meet the general requirement of section 3553(c).

AFFIRMED.

---

**2.** We note that even the district court in *United States v. Duque,* 883 F.2d 43 (6th Cir.1989), a case often cited for its holding that "if the judge sentences within the appropriate guideline, and the range of the guideline does not exceed 24 months, the trial judge is not required to state reasons for selecting a sentence within the guideline range," satisfied our general statement requirement. *Id.* at 44. Thus, we would not disagree with *Duque* if it simply means, like *Howard,* that the more detailed explanations of (1) and (2) are not required.