944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher R. WAGNER, Defendant-Appellant.
 No. 90-30208.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1991.*
Decided Sept. 23, 1991.
 
 Before JAMES R. BROWNING, CANBY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher Wagner appeals his sentence.[1] Wagner and a co-defendant were arrested after agents observed them picking buds from marijuana plants in a "garden" in Siuslaw National Forest. The two were stopped as they drove away from the garden site. A bag found in the co-defendant's car contained approximately 3.6 pounds of marijuana, and the garden consisted of 41 plants. Wagner pled guilty to violating 21 U.S.C. § 841(a)(1) (1988), which provides "it shall be unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance...."
 
 
 3
 The district court sentenced Wagner to six months in prison, followed by three years of supervised release. The court arrived at the sentence by concluding Wagner was responsible for the 41 plants in the garden, as well as the 3.6 pounds he possessed at the time of arrest. Pursuant to United States Sentencing Guidelines § 2D1.1(a)(3) [hereinafter U.S.S.G.] this resulted in a base offense level of 12, which was reduced by 2 points to level 10 based on Wagner's acceptance of responsibility, leading to a 6-12 month sentencing range. Had Wagner been deemed responsible only for the 3.6 pounds of cut marijuana in the bag, his base offense level would have been 10, resulting in an offense level of 8 after the 2-point reduction for acceptance of responsibility and a sentencing range of 2-8 months.[2]
 
 
 4
 Wagner contends the district court erred in sentencing him based on the 41 plants in the marijuana garden rather than the 3.6 pounds he possessed upon arrest. Findings of fact underlying a sentencing determination are reviewed for clear error. United States v. Davis, 922 F.2d 1385, 1388 (9th Cir.1991). The presentence report notes the eyewitness account of a U.S. Forest Service agent that Wagner displayed familiarity with the 41-plant garden and carefully pruned some of the marijuana plants. Based on these facts, it was not clear error for the district court to choose the guideline based on the 41 plants.
 
 
 5
 Wagner contends he should have received a four-point reduction as a "minimal participant" once the district court decided he was responsible for all 41 plants. Wagner bases this assertion on the fact an unrelated individual was convicted of "owning" the garden and that Wagner was an employee of his co-defendant. The court's finding to the contrary is reviewed for clear error. United States v. Prieto-Villa, 910 F.2d 601, 610 (9th Cir.1990). The Sentencing Guidelines indicate the "minimal participant" adjustment is to be used sparingly and is meant to cover the least culpable of those involved in the conduct of a group. See U.S.S.G. § 3B1.2, comment (n. 1, 2). Wagner was observed carefully cultivating the marijuana garden along with his co-defendant. Therefore, the district judge's finding was not clearly erroneous.[3]
 
 
 6
 Wagner contends the district court did not make the necessary findings under Fed.R.Crim.P. 32(c)(3)(D) and 18 U.S.C. § 3553(c) (1988). The district judge considered Wagner's objections to the presentence report, rejected them, adopted the remaining sections of the presentence report, and specified the appropriate Guideline range and adjustments. The court's Findings of Fact Order is sufficient to constitute the "general reasons for [the court's] imposition of the particular sentence" required by United States v. Lockard, 910 F.2d 542, 546 (9th Cir.1990). Since the record is clear the district court considered and rejected the defendant's objections to the presentence report there is no need for further findings under Fed.R.Crim.P. 32(c)(3)(D). United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wagner began serving his six-month sentence on June 21, 1990. However, Wagner's appeal is not moot because he is still serving a term of supervised release, which will end earlier if Wagner is resentenced to a shorter prison term. See United States v. Lira-Barraza No. 88-5161, slip op. at 9028 n. 1 (9th Cir. July 22, 1991) (potential effect on term of supervised release prevents appeal of sentence from becoming moot)
 
 
 [2]
 Although Wagner's six-month sentence fell within both sentencing ranges, it is not clear whether the district judge would have imposed the same sentence under either range. Thus, Wagner's appeal is not moot. United States v. Skillman, 922 F.2d 1370, 1379 (9th Cir.1990)
 
 
 [3]
 The district judge properly rejected Wagner's contention his sentence should have been based on the guideline applicable to the distribution of a small amount of marijuana without remuneration, See 21 U.S.C. § 841(b)(4) (1988), rather than on the guideline applicable to the offense to which Wagner pled guilty. The applicable guideline is derived from the offense of conviction. See U.S.S.G. § 1B1.2(a). The district judge's refusal to depart downward from the guidelines applicable to Wagner's offense of conviction is a discretionary judgment not reviewable on appeal. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990)