953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Bruce ROSS, Defendant-Appellant.
 No. 91-30083.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Bruce Ross appeals his sentence imposed pursuant to 18 U.S.C. § 3583 upon revocation of his term of supervised release. Ross was originally convicted following entry of a guilty plea to receiving and possessing stolen mail in violation of 18 U.S.C. § 1708. He contends that the district court erred by (1) failing to consider the relevant sentencing factors and mitigating circumstances prior to revoking his supervised release, and (2) neglecting to state its reasons for imposing the twenty-four month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's application of the supervised release statutes. United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990).
 
 
 4
 The district court may revoke a defendant's term of supervised release and sentence the person to a term of incarceration following a finding that the person violated a condition of supervised release. 18 U.S.C. § 3583(e)(3); see also Lockard, 910 F.2d at 543-44. In so doing, however, the district court must consider the following factors:
 
 
 5
 [t]he nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrent to criminal conduct; the need for the sentence imposed to protect the public from further crimes of the defendant; the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kind of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statement issued by the Sentencing Commission; ... the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
 
 
 6
 Lockard, 910 F.2d at 544 (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(c), (a)(2)(D), (a)(4), (a)(5), (a)(6) and 3583(c). "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and if the ... [sentencing] range exceeds 24 months, the reason for imposing a sentence at a particular point within the range...." 18 U.S.C. § 3553(c); see also Lockard, 910 F.2d at 545. If the range does not exceed 24 months, the district court is required only to state general reasons for selecting a particular sentence. Lockard, 910 F.2d at 546.
 
 
 7
 Here, Ross contends that because he needed medical care his supervised release should have been reinstated. This argument is without merit. There is no indication in the record that the district court failed to consider this factor. See Lockard, 910 F.2d at 544. In fact, the record reveals that the district court heard argument from Ross' counsel on this factor before imposing sentence. The district court sentenced Ross to twenty-four months incarceration. At sentencing the district court stated:
 
 
 8
 I have listened to you and I listened to you the first time and the second time and this is the third time.... I do find that you are in violation of the terms of supervised release and I am going to revoke the term of supervised release and I am going to sentence you to prison.... This is based upon the finding that you violated the conditions of supervised release which were previously imposed ... so the supervised term is hereby revoked and the defendant is committed to the custody of the Bureau of Prisons for a period of 24 months pursuant to 18 U.S.C. § 3583(e).
 
 
 9
 (RT 9/17/90 at 17-18). Consideration of Ross' admission that he violated the terms of his supervised release and failed to realize the seriousness of his offense supports the district court's revocation of supervised release. See Lockard, 910 F.2d at 544.
 
 
 10
 Because Ross was sentenced to twenty-four months, the district court was not required to give detailed reasons for imposing incarceration. See Lockard, 910 F.2d at 545. The district court found that Ross repeatedly violated his release conditions and made specific reference to section 3583(e) in imposing incarceration. The court gave sufficient reasons "to meet the general requirement of section 3553(c)." See id., 910 F.2d at 546. Therefore, the district court correctly applied the statutory factors and stated sufficient general reasons to support revocation of Ross' supervised release. See Lockard, 910 F.2d at 544, 546.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3