993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert W. BUTTERWORTH, III, Defendant-Appellant.
 No. 92-50620.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 13, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert Butterworth appeals from the district court's revocation of his supervised release, following his conviction by guilty plea for being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). Butterworth contends that the district court violated the requirements of 18 U.S.C. § 3553(a) by revoking his supervised release before he could admit himself into a drug treatment program. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 The court may, after considering the factors set forth in [18 U.S.C.] section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6) ... revoke a term of supervised release and require the person to serve in prison all or part of the term of supervised release ... if it finds by a preponderance of evidence that the person violated a condition of supervised release....
 
 
 4
 18 U.S.C. § 3583(e). The relevant factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the need to provide the defendant with adequate deterrent to criminal conduct, the need to provide the defendant correctional treatment in the most effective manner, and the kind of sentence and sentencing range established by the Guidelines. Lockard, 910 F.2d at 544.
 
 
 5
 Here, Butterworth admitted violating the conditions of his supervised release, and there is no indication from the record that the district court failed to consider the relevant factors before revoking supervised release and sentencing him to incarceration. Butterworth had been placed on probation for his offense, but had violated probation by using drugs. Following revocation of his probation, Butterworth served six months' incarceration and then violated his supervised release by again testing positive for drug use. Butterworth previously had made several attempts at drug rehabilitation, but had failed to successfully complete treatment.
 
 
 6
 The district court expressly considered these facts before concluding, "I've given you a number of opportunities, and you've elected not to respond to them.... I feel that the only thing appropriate is to give you the ten months." The district court sentenced Butterworth within the applicable Guidelines range. Thus, the record shows that the district court properly applied the relevant statutes before revoking supervised release.[1] See Lockard, 910 F.2d at 544.
 
 
 7
 AFFIRMED.
 
 
 
 We review de novo the district court's application of the supervised release statutes. United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990).
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Butterworth argues that since he was still abusing drugs despite his previous six-month sentence, the district court's imposition of further incarceration "violated the spirit of section 3553(a)" because incarceration had not proven "effective." Butterworth appears to suggest that because "imprisonment had been tried and proven unsuccessful," the district court was required to try some other method of helping him to conquer his drug addiction. He also suggests that his case is distinguishable from our holding in Lockard because, unlike Lockard, Butterworth did not grant the district court leave to imprison him by requesting additional incarceration to help him fight his addiction. These arguments are completely frivolous