998 F.2d 1010
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edmond Lowell HANNAH, Defendant-Appellant.
 No. 92-5791.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 4, 1993.
Decided: July 16, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-89-287)
 Leonard A. Kaplan, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael O. Callaghan, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 Hunt L. Charach, Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Edmond Hannah appeals the revocation of his term of supervised release. Finding no violation of Hannah's constitutional or statutory rights, we affirm.
 
 
 2
 * In 1990, Hannah was convicted upon pleading guilty to a charge of conspiracy to distribute cocaine in violation of 18 U.S.C.A. § 846 (1971 & Supp. 1993). He served his six-month sentence, and was nineteen months into a three-year supervised release when his probation officer petitioned the district court for the Southern District of West Virginia for a show-cause hearing to determine whether that release should be revoked.
 
 
 3
 The petition alleged that Hannah had violated four of the terms of his supervised release. First, he allegedly had committed the following crimes: battery; possession and sale of cocaine base; and driving 44 m.p.h. in a 35 m.p.h. zone. Second, he had failed to meet his child support obligations. Third, he did not get a job. Finally, although he paid a fine for the speeding ticket, he failed to report the incident to his probation officer. J.A. 33.
 
 
 4
 At the show-cause hearing, Hannah conceded all violations except those related to the allegations of battery and drug dealing. The government put on no evidence regarding the latter, J.A. 65, but called one Ray Jackson to testify regarding his filing of a criminal complaint for Hannah's alleged battery. Unexpectedly, Jackson testified that those allegations had been "a whole pile" of lies motivated by a desire for revenge, which he recanted at the hearing due to pangs of conscience. J.A. 72-73. The government then called the probation officer back to the stand. He testified that although Jackson had complained to him of Hannah's threats, Jackson had been "reluctant to testify because he was afraid for his personal safety; that Mr. Hannah was a dangerous man and that he was afraid he would kill him because Mr. Hannah had said so before." J.A. 90.
 
 
 5
 At the close of the evidence and following argument, the district court found that the government had shown by a preponderance of the evidence that Hannah had violated the terms of his release and "exhibited a blatant defiance of the order[,] which indicates that he is unwilling or unable to abide by any condition of release as set by this Court...." J.A. 106. The court revoked Hannah's supervised release and sentenced him to nine months' imprisonment. This appeal followed.
 
 II
 
 6
 Hannah offers several bases for reversal, all grounded in the court's allegedly improper exercise of its discretionary authority to revoke his supervised release. He alleges that these improprieties constitute violations of constitutional and statutory rights guaranteed, respectively, by the due process clause of the Fifth Amendment and 18 U.S.C. § 3583(e). Although the parties have framed the issues as purely legal, requiring de novo review, to the extent that Hannah challenges the court's exercise of its discretionary authority under § 1853, we review for abuse of discretion.
 
 
 7
 * First, Hannah argues that the court automatically revoked his release for failure to pay child support in violation of his right to due process under Bearden v. Georgia, 461 U.S. 660 (1983). Bearden held that courts may not constitutionally revoke a term of probation based on defendant's failure to make restitution when that failure was not willful, but due to defendant's inability (despite bona fide efforts) to pay. Hannah contends that, like Bearden, his violation was not willful but instead was due to his inability to find a job-despite documented efforts to do so-in a depressed market unlikely to welcome a middle-aged black man with a criminal record.
 
 
 8
 We find Bearden inapplicable under the circumstances presented here. First, the court's failure to discuss its discretion to modify or revoke the release does not show that the court understood revocation to follow automatically upon the finding that Hannah violated the terms of the release. Second, unlike Bearden, Hannah conceded violations of not just one, but several of the terms of his release-two of which (the speeding ticket and the failure to report it) clearly fall beyond Bearden 's scope. Hannah argues, however, that because the latter violations were trivial, and the remaining violations so closely tied to his unhappy economic status, the court's decision was sufficiently infected by impermissible factors as to violate Bearden.
 
 
 9
 We disagree. The record shows that the proceedings were infected, if at all, by the possible perjured testimony of a key government witness on the subject of Hannah's serious criminal violation of the terms of his release. Consequently, the court was required to weigh the credibility, and resolve the conflicting testimony, of Jackson and the probation officer. Those evaluations are entitled to all due deference, United States v. Edwards, No. 91-2611, slip. op. at (8th Cir. March 30, 1993), 1993 U.S. App. Lexis 6339 at*13, and it is reasonable to infer from the record that they tipped decidedly against Hannah. Under these circumstances, we find no violation of Bearden.
 
 B
 
 10
 Alternatively, Hannah urges that the court's failure to justify its decision to revoke his release violates his constitutional and statutory rights and renders this court's review ineffective. We find, however, that the court did state its reasons for revocation: it found that Hannah had violated the terms of his release, and it viewed him as recalcitrant. J.A. 106, 109. Equally meritless is Hannah's contention that the court was under a duty to justify its election of revocation over modification. The Supreme Court rejected that proposition in Black v. Romano, 471 U.S. 606, 613 (1985).
 
 
 11
 Hannah also urges that the court violated § 3583(e)(3) when it failed to make findings vis-a-vis each of the statutorily prescribed factors it was to consider in rendering its decision to revoke his release. 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B-D), (a)(4-6); United States v. Taylor, 487 U.S. 326, 336-37 (1988) (effective appellate review requires sentencing court to "clearly articulate ... effect" of statutorily prescribed sentencing factors).
 
 These factors
 
 12
 include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes of the defendant, and the need to provide the defendant with appropriate treatment.
 
 
 13
 United States v. Lee, 957 F.2d 770, 774 (10th Cir. 1992). Hannah concedes that under current law the sentencing court's consideration of each factor need not be express, but may be fairly implied from the record. Id. at 775; United States v. Lockard, 910 F.2d 542, 546 (9th Cir. 1990).
 
 
 14
 He urges, however, that we extend to § 3583(e) decisions the requirement that the court make findings of fact relative to each of the specified factors-a requirement imposed in this circuit in cases involving impositions of fines or restitution requirements. United States v. Mullins, 971 F.2d 1138, 1148 (4th Cir. 1992); United States v. Arnoldt, 947 F.2d 1120, 1127 (4th Cir. 1991), cert. denied, 112 S.Ct. 1666 (1992).
 
 
 15
 We do not find the record before us to warrant such a new rule of law. Although the district court's articulated basis for decision was, like the government's evidence, somewhat truncated, it takes "no great leap of faith" to divine the court's basis for decision, United States v. Copley, 978 F.2d 829, 832 (4th Cir. 1992), and we find the court's description of Hannah as defiant and incorrigible to demonstrate a reasoning process sufficient to satisfyss 3583 and 3553. Cf. Lee, 957 F.2d at 775; Lockard, 910 F.2d at 546.
 
 AFFIRMED