15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Luis SANCHEZ-SIERRA, aka, Jose Romero-Gonzalez, Defendant-Appellant.
 No. 93-30123.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 27, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sanchez-Sierra appeals the consecutive sentence imposed for violating his supervised release. We affirm.
 
 
 3
 In March, 1991, Sanchez-Sierra was convicted of violating 8 U.S.C. Sec. 1326. The court sentenced him to 21 months in custody and three years of supervised release. As a condition of supervised release, he could not reenter the United States without INS permission and he could not commit another criminal offense.
 
 
 4
 He was released from custody and deported in May, 1992. He was back in the United States in July, 1992. The State Superior Court in Yakima had convicted him on state charges for possession of cocaine and he was being held in the Franklin County jail. In October, the government indicted him on charges of being an aggravated felon in the United States without INS permission after deportation, in violation of 8 U.S.C. Sec. 1326(b)(2). On March 5, 1993, he pleaded guilty to violating 8 U.S.C. Sec. 1326(b)(1). The court sentenced him to 30 months. It also revoked his supervised release and sentenced him to 21 months, to run consecutively.
 
 
 5
 A sentencing court has discretion to impose a concurrent or consecutive sentence. 18 U.S.C. Sec. 3584(a) (1993); see also United States v. Wills, 881 F.2d 823, 826 (9th Cir.1989). In determining whether a sentence should run concurrently or consecutively, the court must consider the factors listed in 18 U.S.C. Sec. 3553(a). 18 U.S.C. Sec. 3584(b). This list includes policy statements issued by the Sentencing Commission. 18 U.S.C. Sec. 3553(a)(5). Under the Sentencing Guidelines, a term of imprisonment imposed after the revocation of supervised release shall be ordered to be served consecutively. U.S.S.G. Sec. 7B1.3(f).
 
 
 6
 At sentencing, the judge must state in open court the reasons for imposing a specific sentence. 18 U.S.C. Sec. 3553(c); see also United States v. Lockard, 910 F.2d 542, 546 (9th Cir.1990). This requirement is satisfied by an explanation of how the district court determined the relevant guideline range. Id.
 
 
 7
 Sanchez-Sierra argues that the district court abandoned its discretion under Sec. 3584(a) and failed to consider the factors under Sec. 3553(a). He says that the district court relied solely on the policy statement in the sentencing guidelines and the fact that he pleaded guilty to 8 U.S.C. Sec. 1326(b)(1). His argument lacks merit.
 
 
 8
 The court's written order says it found Sanchez-Sierra guilty of violating the terms of his supervised release and imposed a consecutive sentence "upon review of the entire record and the statements made by counsel and the defendant, and for the reasons set forth more fully at the hearing." At the change of plea and revocation hearing, the court reviewed the sentencing calculation for the most recent 18 U.S.C. 1326 violation. The court also reviewed the presentence report from the conviction in March, 1991. Both documents describe appellant's criminal history.
 
 
 9
 The court also noted that 1) he received leniency in the past; 2) he made past promises which were not kept; and 3) nothing in the record warranted further leniency. There is no indication from the record that the district court failed to consider the factors listed in Sec. 3553(a). Cf. Lockard, 910 F.2d at 544.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3