15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Juan CORONA, Defendant-Appellant.
 No. 93-30179.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 25, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Juan Corona appeals the district court's order modifying the terms of his six-year supervised release term to include 100 days' residence at a community corrections center facility to be followed by a term of supervised release. Corona contends that the confinement to the community corrections center constituted a revocation of supervised release, and, therefore, he cannot be required to serve the remainder of his previously-imposed term of supervised release. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 We review de novo the district court's application of the supervised release statutes. United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990).
 
 
 4
 At any time prior to the expiration of a defendant's supervised release term, the district court may modify a defendant's term of supervised release by enlarging the conditions of supervised release. 18 U.S.C. Sec. 3583(e)(2). As a condition of supervised release, the district court may order that a defendant reside at a community corrections facility for all or part of the term of supervised release. See 18 U.S.C. Secs. 3583(d), 3563(b)(12).
 
 
 5
 Here, Corona admitted six violations of the conditions of his supervised release term. At the revocation of supervised release hearing, the district court decided not to revoke the supervised release but instead continued the previously imposed supervised release with the additional condition that Corona participate at a community corrections center for 100 days.
 
 
 6
 Corona is correct in arguing that a district court may not revoke a defendant's supervised release, order a term of incarceration, and then order a term of supervised release. See United States v. Behnezhad, 907 F.2d 896, 899 (9th Cir.1990) (upon finding violation of conditions of supervised release, district court must choose between revoking or modifying the term of supervised release). Nonetheless, the requirement that a defendant reside or participate at a community corrections facility does not constitute a revocation of supervised release or a term of incarceration, but is merely a permissible condition of supervised release. See 18 U.S.C. Secs. 3583(d), 3563(b)(12).
 
 
 7
 Accordingly, the district court did not err by ordering him to 100 days' participation at a community corrections facility to be followed by the continuation of the previously-imposed supervised release.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Corona has already served the 100 days' confinement at the community corrections center, the appeal is not moot because our decision could affect Corona's term of supervised release. Cf. United States v. Smith, 991 F.2d 1468, 1470 (9th Cir.1993)