43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paublino VALENCIA, Defendant-Appellant.
 No. 94-50325.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paublino Valencia appeals his eighteen month sentence imposed upon revocation of his supervised release. Valencia contends that the district court erred by failing to consider the guideline range before imposing sentence. We have jurisdiction under 28 U.S.C. Sec. 1291; we review de novo the application of the Sentencing Guidelines upon revocation of supervised release. United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990). We affirm.
 
 
 3
 Valencia was sentenced originally to four months in custody and two years of supervised release following entry of a guilty plea to making a false statement to an immigration agent. One condition of his supervised release was that, if deported, he would not re-enter the United States illegally.
 
 
 4
 While on supervised release, Valencia was arrested and charged with being found in the United States following deportation, a felony, and illegal entry, a misdemeanor. At the revocation hearing, Valencia admitted that he had illegally re-entered the United States.
 
 
 5
 Under the Sentencing Guidelines, Valencia's criminal history category was V. The probation office classified his violation as grade B, a felony. The Guidelines range, as established by a policy statement, in such circumstances is eighteen to twenty-four months. U.S.S.G. Sec. 7B1.4(a), p.s. Valencia argued that because the violation--and his admission--constituted only a misdemeanor, the range was seven to thirteen months. Id. The district court ruled:
 
 
 6
 After considering all the factors, I'll revoke the supervised release and sentence you to 18 months in custody, the recommendation of the probation officer.
 
 
 7
 The Court notes that you have a criminal history Roman numeral V. You said that you didn't know that you weren't supposed to come back into the country. The Court finds that very difficult to believe. Apparently, we didn't get your attention the first time around, and the Court believes that, if you had been here on a deportation after conviction after an aggravated felony, you could be facing five or fifteen years.
 
 
 8
 Typically, the sentences before this Court--even if it's a two-year cap--would be 24 months. Here, the recommendation is 18 months, and the Court believes that that's appropriate.
 
 
 9
 The court continued that even if the violation amounted to a grade C it would depart upward to eighteen months as the appropriate sentence.
 
 
 10
 The district court is required to consider, but is not bound by, the policy statements issued by the Sentencing Commission for the range of imprisonment upon revocation of supervised release. Lockard, 910 F.2d at 544; accord United States v. Forrester, 19 F.3d 482, 484 (9th Cir.1994) (same for revocation of probation). Here, after entertaining Valencia's argument, the district court stated that it had considered the relevant factors and found eighteen months to be an appropriate sentence given the nature of the violation; thus, it complied with the law. The district court correctly noted that it was not bound by the range in U.S.S.G. Sec. 7B1.4(a). See Forrester, 19 F.3d at 485 (court was free to reject range of three to nine months and impose thirty-three month sentence upon revocation of probation).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3