61 F.3d 914
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd MORROW, Defendant-Appellant.
 No. 94-50221.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1995.*
Decided July 19, 1995.
 
 1
 Before: FARRIS and O'SCANNLAIN, Circuit Judges; TASHIMA** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Todd Morrow appeals from the 24-month custodial sentence imposed upon him pursuant to 18 U.S.C. Sec. 3583 after his violation of the terms of his supervised release. We have jurisdiction under 18 U.S.C. Sec. 3742(a) and we affirm.
 
 
 4
 * Morrow first contends that the district court erred in considering at sentencing an amount of loss greater than that set out in his original plea agreement. Specifically, Morrow argues that in sentencing him after his violation of supervised release, the court relied upon a loss amount of $348,000 -- an amount significantly larger than the $70,000 - $120,000 to which he stipulated when he pled to the underlying offenses.
 
 
 5
 Morrow fails to explain why reliance on the greater amount would be error. Further, we are not persuaded that the court relied upon that amount. Although the court and the parties discussed the amount of loss and its relevance to sentencing, the court ultimately did not premise its sentence upon such amount.[1] Rather, the court expressly stated that it was sentencing Morrow to 24-months -- the maximum sentence available -- in light of the continuing threat which he posed to the community. As the district court explained,
 
 
 6
 I don't want this man on the street. It's that simple. In my opinion he's a menace to society because he's bilking so many people, and he has the ability, apparently, to bilk people. Frankly, I want him off the street as long as I can.... I'm going to sentence him to the maximum that I can, because I want to keep him off the streets so he won't bilk anybody else.
 
 
 7
 [RT 92-93, ER 12-13]. The court was well within its discretion in sentencing Morrow on these grounds.[2] See 18 U.S.C. Secs. 3583(e), 3553(a)(2)(C) (counseling court to consider in sentencing after revocation of supervised release the need "to protect the public from further crimes of the defendant").
 
 II
 
 8
 Morrow also appears to suggest that the district court erred in sentencing him to a term of imprisonment greater than that available for the underlying offense. The Guidelines range for Morrow's underlying offense was 10-16 months; the district court ultimately sentenced Morrow to 13 months imprisonment followed by 3 years of supervised release.
 
 
 9
 In making this argument, Morrow appears to have confused the statute governing resentencing after the revocation of supervised release -- 18 U.S.C. Sec. 3583 -- with that governing the resentencing after probation revocation, 18 U.S.C. Sec. 3565. When resentencing a probation-violator, section 3565(a)(2) limits the court to "a sentence that was available ... at the time of the initial sentencing."[3] However, section 3583 -- applicable here -- contains no similar limitation. Rather, under section 3583,
 
 
 10
 the court may ... revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release ... without credit for time previously served on postrelease supervision ... except that [the defendant] may not be required to serve more than two years in prison if [the offense that resulted in the term of supervised release] was a class C or D felony.
 
 
 11
 18 U.S.C. Sec. 3583(e)(3) (emphasis added). As such language makes clear, a sentence imposed after the revocation of supervised release is not limited by the original guidelines sentence; rather, the court may impose up to the full term of supervised release. Here, Morrow's original term of supervised release was 3 years; the 24-month sentence imposed upon him complied with the requirements of section 3583.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 We do note that at the first sentencing proceeding, the court indeed appeared to use the $348,000 loss amount in determining Morrow's sentence. However, the court ultimately vacated this sentence [CD 37] and, at the second proceeding, relied instead upon the risk to public safety posed by Morrow
 
 
 [2]
 We also reject Morrow's contention, raised for the first time in his reply brief, that the district court failed to state its reasons for the imposition of the 24-month sentence. Here, the district court made its reasons for imposing the sentence quite clear. See United States v. Lockard, 910 F.2d 542, 546 (9th Cir. 1990)
 
 
 [3]
 18 U.S.C. Sec. 3565 was amended in September 1994 to eliminate this restriction. See 18 U.S.C. Sec. 3565(a)(2) (1994)