91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Juan VELA, Sr., Defendant-Appellant.
 No. 95-10519.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1996.*
Decided July 11, 1996.
 
 Before: WOOD,** CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Antonio Juan Vela, Sr., appeals the sentence imposed following revocation of his supervised release, on the grounds that the district court failed to apply or consider Sentencing Guidelines Policy Statement 7B1.4, failed to state its reasons for imposing the sentence, and imposed a sentence that is plainly unreasonably. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Vela contends that the district court erred in failing to apply Sentencing Guidelines Policy Statement § 7B1.4. We disagree. This case is controlled by United States v. Plunkett, 74 F.3d 938 (9th Cir.1996), which holds that the district court may rely upon either the Chapter 7 policy statements pertaining to probation and supervised release or the Sentencing Guidelines governing the underlying offense. Id. at 940. Here, the district court was within its discretion in sentencing Vela within the maximum permitted by 18 U.S.C. § 3583(e)(3).
 
 
 4
 Vela argues that even if the district court was not required to apply the policy statement, the court had to at least consider it. Assuming this is true, there is no error because the record shows that the district court did, in fact, consider the policy statement before making its decision.
 
 II
 
 5
 Vela next contends that the district court failed to state its reasons for imposing the sentence, as required by 18 U.S.C. § 3553(c). We disagree. The district court explained how it arrived at the sentence; nothing more is required. United States v. Lockard, 910 F.2d 542, 546 (9th Cir.1990).
 
 III
 
 6
 Finally, Vela contends that the sentence is plainly unreasonable because it is two months longer than the sentence recommended by the policy statement and because the court should have taken into account the fact that Vela had already served two years. We have already noted that the policy statement was not binding upon the district court. Furthermore, the district court did take into consideration the time that Vela had already served, sentencing Vela to one year instead of three out of concern that Vela might not receive credit for time served. The sentence is not plainly unreasonable.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3