104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco Soto RIVERA, Defendant-Appellant.
 No. 96-10254.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Soto Rivera appeals the district court's modification of his supervised release term following Rivera's violation of supervised release conditions. Rivera pled guilty to two counts of bank robbery in 1991. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 Rivera contends that the district court erred by modifying his supervised release to require that restitution payments be garnished from Rivera's wages. This contention lacks merit.
 
 
 4
 We review de novo the district court's application of the supervised release statutes. United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990). Prior to the expiration of the defendant's supervised release term, the district court may modify the conditions of supervised release. 18 U.S.C. § 3583(e)(2) (1988). As a condition of supervised release, the district court may order that a defendant pay restitution to the victim. See 18 U.S.C. § 3563(b)(3) (1988).
 
 
 5
 Here, as a condition of supervised release, the court ordered Rivera to pay restitution to the two banks which he robbed. However, Rivera failed to make these payments on time or in full. In addition, Rivera failed to timely submit the monthly reports required by his supervised release. At his disposition hearing, the district court decided not to revoke Rivera's supervised release, but instead required Rivera to authorize that previously authorized restitution payments be garnished from his wages. The district court did not change the amount of the payments and Rivera agreed to this condition at the hearing.
 
 
 6
 The district court properly modified the conditions of Rivera's term of supervised release. See 18 U.S.C. § 3583(e)(2). Contrary to Rivera's argument, the district court did not revoke Rivera's term of supervised release under 18 U.S.C. § 3583(e)(3) or attempt to impose and improper sentence. Cf. United States v. Behnezhad, 907 F.2d 896, 898 (9th Cir.1990) (district court may not revoke a defendant's term of supervised release, order a term of incarceration, and then reimpose another term of supervised release). Ordering Rivera to authorize the garnishment of restitution payments already required by a previous court order does not constitute a revocation of Rivera's supervised release or further incarceration. Accordingly, the district court did not err by modifying Rivera's conditions of supervised release.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3