132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paulette Adams GOODE, Defendant-Appellant.
 No. 97-30197.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington Fred L. Van Sickle, District Judge, Presiding
 Before: SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paulette Adams Goode appeals the 20-month sentence imposed following revocation of her supervised release. We review a district court's revocation of supervised release for abuse of discretion. See United States v. Schmidt, 99 F.3d 315, 320 (9th Cir.1996). We review for clear error the district court's factual findings. See United States v. Lomayaoma, 86 F.3d 142, 146 (9th Cir.), cert. denied, 117 S.Ct. 272 (1996). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Goode contends that the district court failed to adequately state its reasons for imposing a 20-month sentence. This contention lacks merit.
 
 
 4
 When the judge exceeds the sentencing guidelines at the time of sentencing, he is required to state in open court the reasons for the imposition of the particular sentence. See United States v. Schmidt, 99 F.3d 315, 320 (9th Cir.1996). The district court revoked Goode's supervised release because she violated the terms of her supervised release nine times by driving with a suspended license, using a controlled substance, failing to appear for urinalysis testing, and failing to remain involved in substance abuse treatment. The district court adequately considered the necessary factors as required by 18 U.S.C. § 3583(e). The district court specifically considered that Goode was a drug addict and a parent, was sexually assaulted, and had nine violations. See 18 U.S.C. § 3553(a)(1). Additionally, the district court considered that Goode needed substance abuse treatment and mental health counseling. See 18 U.S.C. § 3553(a)(2)(D). Finally, the district court considered the applicable guidelines and policy statements. See 18 U.S.C. § 3553(a)(4) and (a)(5). We conclude that the district judge's reasons for imposing the sentence were sufficiently clear. See Schmidt, 99 F.3d at 320 (9th Cir.1996); United States v. Lockard, 910 F.2d 542, 546 (9th Cir.1990).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3