**UNITED STATES OF AMERICA, Plaintiff—Appellee,**

v.

**Michael GLOVER, Defendant—Appellant.**

No. 04–50334.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Teresa S. Mack, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Upon revocation of Michael Glover's supervised release, the district court imposed a sentence of ten months imprisonment to be followed by sixteen months of supervised release. Glover contends that the district court's failure to provide a general statement of reasons for imposing the particular sentence requires that the case be remanded for resentencing. We agree.

The district court did not provide a general statement, in open court, of its general reasons for its imposition of the particular sentence imposed, as required by 18 U.S.C. § 3553(c). *United States v. Lockard,* 910 F.2d 542, 546 (9th Cir.1990). That requirement "is satisfied by an explanation of how the district court determined the relevant guideline range," *id.,* and serves the purpose of facilitating review. *Id.* at 545. The general statement of reasons is also important "to inform the defendant and the public of the reasons why the offender is subject to that particular guideline and in order to guide probation officers and prison officials to develop a program to meet his needs." *Id.* (quoting S. Rep. N. 225, 98th Cong., 2d Sess. 80,

reprinted in 1984 U.S.Code Cong. & Admin. 3182, 3263).

Here, the district court did not identify the applicable guideline range, much less explain how it made that determination. If a statement of the applicable guideline range appeared somewhere in the record, we might not have found it necessary to remand. But we can find no such statement anywhere in the record, including in the transcript of the revocation hearing, in the Judgment and Commitment Order Following Revocation of Supervised Release, in the Probation Officer's Final Revocation Letter, or in the Petition on Probation and Supervised Release. In these circumstances, remand is required in order to ensure minimal compliance with § 3553(c), as described in *Lockard.*

**VACATED AND REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.