UNITED STATES of America, Plaintiff—Appellee,

v.

Rose Marie WISE, Defendant— Appellant.

No. 05–30413.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Craig W. Haller, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Esq., FDMT— Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

MEMORANDUM **

Rose Marie Wise appeals from the district court's revocation of her supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wise contends that the district court abused its discretion in revoking her supervised release because there was insufficient evidence to support the conclusion that she failed to support her dependents and to meet her family responsibilities. We disagree. In proceedings to revoke supervised release, the government must prove the alleged violations by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3); *United States v. Lockard,* 910 F.2d 542, 543 (9th Cir.1990). The evidence presented at the hearing was sufficient to support the district court's findings that she had violated the conditions of supervised release, and the district court did not inappropriately consider events prior to the conviction of the underlying offense. *See Lockard,* 910 F.2d at 546.

Wise next contends that the district court's decision to sentence her in excess of the sentence recommended by the United States Sentencing Guidelines was unreasonable. A district court's decision to deviate from the non-binding policy statements of the guidelines is an abuse of discretion only if the district court fails to consider the statements at all. *United States v. Tadeo,* 222 F.3d 623, 625 (9th Cir.2000). Here, the district court took the policy statements into consideration before determining the sentence. Accordingly, the district court did not abuse its discretion. *See United States v. George,* 184 F.3d 1119, 1121–22 (9th Cir.1999).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.