**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jo Ann KOOSMANN, aka Jo An**
**Koosman, Defendant—**
**Appellant.**

**No. 05–10449.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.[*]

Filed Aug. 24, 2006.

Maria Davila, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Harriette P. Levitt, Esq., Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, REINHARDT and BEA, Circuit Judges.

MEMORANDUM [**]

Jo Ann Koosmann appeals from the district court's revocation of her supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Koosmann contends that the district court abused its discretion in revoking her supervised release because there was insufficient evidence to support the conclusion that she associated with an individual engaged in criminal activity or convicted of

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

a felony without having been granted permission by her probation officer.

We disagree. The evidence presented at the hearing was sufficient to support the district court's findings by a preponderance of the evidence that she had violated the condition of supervised release. *See* 18 U.S.C. § 3583(e)(3); *United States v. Lockard,* 910 F.2d 542, 543 (9th Cir.1990).

Koosmann also contends that an incorrect date on the warrant requires reversal of the revocation order. Because she has not alleged that this error harmed her in any way, we reject this contention. *See United States v. Havier,* 155 F.3d 1090, 1092 (9th Cir.1998) (harmless error standard applies to allegations of insufficient notice in supervised release revocation proceedings).

**AFFIRMED.**

---

*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.*